IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00328-PAB-11

UNITED STATES OF AMERICA,

    Plaintiff,

v.

11. MARTIN JUAREZ-VERA,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant Martin Juarez Vera's Appeal of Detention Order (Docket Entry 43) to United States District Court Judge and Request for De Novo Detention Hearing Pursuant to 18 United States Code Section 3145 (b) [Docket No. 87] of Magistrate Judge Mix's Order of Detention [Docket No. 43] entered on October 23, 2018. The United States has filed a response [Docket No. 96], and the defendant has filed a reply [Docket No. 101].

Defendant seeks revocation of the magistrate judge's detention order under 18 U.S.C. § 3145(b) and requests a de novo hearing. Docket No. 87 at 1.

**Requirements for Detention Under the Bail Reform Act**

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government bears the burden of proof

at a detention hearing. *Id.* The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any person or to the community by clear and convincing evidence. 18 U.S.C. § 3142(f).

In deciding whether there are conditions of release that would assure the appearance of the defendant and the safety of the community, the magistrate judge must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Count One of the indictment names the defendant, among others, and charges a conspiracy to distribute more than five kilograms of cocaine. This count carries a ten-

year mandatory minimum and a maximum sentence of life imprisonment. Therefore, pursuant to 18 U.S.C. § 3142(e)(3)(A), Count One has a rebuttable presumption of pretrial detention. In order to overcome this presumption, a defendant must produce some evidence to rebut the presumption. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Although a defendant may present evidence and rebut the presumption, the Court may nevertheless take the presumption into account as a factor in determining whether detention is appropriate. *Id*. The defendant is also charged with three other counts (use of a communications device in connection with drug trafficking; possession with intent to distribute more than 500 grams of cocaine; and possession with intent to distribute less than 500 grams of cocaine). Two of these counts (Counts Seventeen and Twenty) also have a rebuttable presumption of detention.

At the conclusion of the testimony offered at the detention hearing, the magistrate judge found by a preponderance of the evidence that the defendant was a flight risk and a danger to the community. Docket No. 46 at 3. She concluded that there was no condition or combination of conditions of release that would assure Mr. Juarez-Vera's appearance or the safety of the community, noting in particular the lengthy sentence that could be imposed if the defendant were convicted of the charges. *Id*.

The standard for the district court's review of a magistrate judge's detention order under Section 3145(a) is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). However, contrary to the defendant's request for a de novo hearing, the Court may conduct such review by reviewing the evidence that the

magistrate judge based her detention decision on and, in its discretion, by reviewing any additional proffers on appeal. *United States v. Davidson*, 1992 WL 144641, at *2 (N.D.N.Y. June 18, 1992).

The defendant's motion for review is based on the following arguments: (a) defendant has significant community ties to Denver; (b) his recent border crossings involved innocent conduct; and (c) the defendant did not intend to mislead the Court about the number of border crossings at the detention hearing. Docket No. 87 at 2-4.

## Community Ties

The defendant relies on the Pretrial Services Report [Docket No. 66] as evidence regarding the defendant's community ties. Docket No. 87 at 2. The Court agrees with the defendant that he has personal and family ties to Denver.

## Border Crossings

When the defendant was interviewed by Pretrial Services before the detention hearing he stated that he "last travelled outside of the United States to Juarez, Mexico approximately one year ago for the weekend." Docket No. 66 at 3. At the detention hearing, the government indicated that the defendant had nine documented border crossings, which it argued shows that the defendant was being dishonest with Probation. Docket No. 96 at 8.

In his appeal of the detention order, the defendant claims that previous counsel, with limited time to confer with the defendant at the detention hearing, learned of just two border crossings from the defendant, Docket No. 87 at 2, and recalled just one trip to Tijuana. *Id.* at 3. Defendant states that he was mistaken about the number of trips,

but made the error in "good faith." *Id*. Defendant states that current counsel has had time to investigate the border crossings and has learned that border crossings in August 2018 were made in connection with helping his mother with medical appointments in Tijuana, Mexico. Defendant states that he and his mother stayed at the Roadway Inn in San Ysidro, California and crossed into Mexico and back six times over four consecutive days. *Id.* at 3. In addition to the Tijuana crossings, the defendant states that he also went to Juarez, Mexico on February 17 and June 20, 2018. *Id*. at 4. The defendant attaches various receipts confirming this travel.

The United States does not challenge the defendant's explanation for the border crossings, but rather focuses on the fact that the defendant told the Probation Department that he had one border crossing, when he really had nine. Docket No. 96 at 8. As a result, the government claims that the defendant is deceptive and is likely to fail to appear if released on bond. *Id*.

While defendant offers evidence that he and his mother traveled to San Ysidro and Tijuana between August 17, 2018 and August 20, 2018 and provides receipts for border crossings between El Paso, Texas and Juarez, Mexico, he provides no credible explanation for reporting just one trip to Mexico to Pretrial Services. The border crossings at issue were all in 2018, not 2017. There is no reason why the defendant would not remember six border crossings to Tijuana with his mother just two months before and two separate trips to Juarez in January and June 2018. Therefore, the Court concludes that the defendant was not being truthful with the Probation Department regarding these border crossings, which is a strong factor weighing in favor of detention.

**Defendant's Criminal History**

The government argues that the defendant has numerous alcohol-related arrests, a revocation of probation on a DUI conviction in 2013, and has had four failure to appear warrants issued in the past. The government also notes that he has been convicted of false information. Docket No. 96 at 8. The Court finds that, while the defendant's convictions are for minor crimes, the number of convictions is concerning.

**Strength of the Evidence Against the Defendant**

The government proffers in response to the defendant's appeal that the evidence in support of the charges filed against the defendant is strong. The government provides details of the defendant's role in assisting defendant Omar Chavez-Gutierrez receive five kilograms of cocaine from defendant Jose Rodolfo-Pena on September 26, 2017. Docket No. 96 at 4-6. In particular, the government proffers that Chavez-Gutierrez coordinated with the defendant to meet the courier vehicle, that traveled from Mexico, at the home of co-defendant Reidesel Lopez-Parada and to accept delivery of the cocaine. Officers conducting surveillance at the residence saw the defendant helping to move vehicles out of the garage to make room for the courier vehicle. The government also proffered that the defendant coordinated with Omar-Gutierrez on September 30, 2017 to meet and pay other couriers delivering cocaine transported from Mexico at the home of Lopez-Parada. *Id.* at 7.

The defendant claims that this evidence is limited to just two days, which is true, and that the government's evidence is weak, which is not true. Docket No. 101 at 3.

The government's proffer is detailed and supports the argument that the case against the defendant, while based on activity involving just two days, is nevertheless strong.

## Conclusion

Reviewing de novo the evidence considered by Judge Mix at the detention hearing and considering the proffers made and evidence tendered on appeal by both sides, the Court finds that there is no combination of conditions that will reasonably assure the safety of the community and the appearance of the defendant. While the defendant has rebutted the presumption of detention, the government has shown clear and convincing evidence that the defendant has been involved in trafficking cocaine, which involvement presents a danger to the community. The defendant's failures to appear at previous court hearings, while somewhat old, his dishonesty with the Probation Department regarding recent border crossings, and the significant sentence he faces if convicted of the charges against him also demonstrate by a preponderance of the evidence that the defendant poses a risk of flight. Upon de novo review, the Court agrees with Judge Mix that the defendant should be detained until trial.

Wherefore, it is

**ORDERED** that defendant Martin Juarez Vera's Appeal of Detention Order (Docket Entry 43) to United States District Court Judge and Request for De Novo Detention Hearing Pursuant to 18 United States Code Section 3145 (b) [Docket No. 87] is denied.

DATED December 10, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge